# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 13CR85 WQH |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| ANDRES PEREZ-CORREA, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion to suppress statements filed by the Defendant Andres Perez-Correa. (ECF No. 15).

**FACTS**

On October 24, 2012, at approximately 7:28 a.m., Defendant Andres Perez-Correa applied for admission into the United States from Mexico at the Andrade Port of Entry. Defendant was the driver and sole occupant of a Chrysler Sebring. The primary officer referred the Defendant for secondary inspection after receiving a TECs hit on the license plate of the vehicle. Defendant was escorted to the security office. Defendant waited in the office.

In secondary inspection, Customs and Border Patrol Officers (CPBO) conducted a 7 point inspection of the vehicle. The vehicle was taken to the lift area and placed on a lift. CBPO Dahin observed that the oil drain plug was loose and that all of the bolts securing the oil pan were not tightened. Officers drained the oil from the oil pan

and saw what appeared to be a metal box inside the oil pan. Using a fiber optic scope, CBPO Dahin saw a non-factory metal box and caulking secreted inside the oil pan. Officers removed the bolts to the oil pan, pried the oil pan loose, removed the metal box, and opened the metal box. Inside the metal box, officers found four plastic heat sealed packages. Inspection of the substance in the packages field tested positive for methamphetamine and heroin. The search of the vehicle and the discovery of the drugs took approximately one hour.

At approximately 8:30 a.m., Defendant was placed under arrest. Homeland Security Investigator Special Agent Ben Bentancurd was notified of the drug seizure and traveled to the Andrade Port of Entry to take the Defendant into custody. With travel time and traffic delay, Agent Bentancurd and his partner arrived at the Andrade Port of Entry approximately one hour and twenty minutes after being notified of the drug seizure and arrest.

Upon arrival, Special Agent Bentancurd looked over the vehicle, inspected the oil pan and the metal container concealing the narcotics, and reviewed the prepared reports. Special Agent Bentancurd and his partner transported the Defendant to the Calexico, California West Port of Entry prior to interviewing the Defendant in order to use the recording capabilities at the Calexico POE.

At approximately 1:27 p.m., Special Agent Bentancurd and his partner began the interview of the Defendant. The interview was conducted in English. At approximately 1:40 p.m., the agents informed the Defendant of his *Miranda* rights and inquired "okay, do you want to speak to me right now?" Defendant responded: "Okay." (ECF No. 15-2 at 7). Defendant initialed but did not sign a Statement of Rights form. Special Agent Betancurd indicated on the Statement of Rights form that Defendant "was taken into custody at 0728 (time), on 10/24/2012 (date)." (ECF No. 15-2 at 25). The video shows the Defendant initialing the form and waiving his *Miranda* rights. The video of the interview has a clear stamp on the face of the photo indicating OCTOBER 24 2012 1:27 PM. The same time stamp appears on the entire video. There is no running time

on the video. Defendant proceeded to answer the agents' questions. (ECF No. 19-1).

The "Report Of Investigation" prepared by Agent Bentancurd states in part: "At approximately 1340 hours, on 10.24.2012, PEREZ was advised of his Constitutional rights according to Miranda." (ECF No. 15-2 at 17). The "Report Of Investigation" states: "The interview of PEREZ was completed at approximately 1430 hours." *Id*. at 18.

After the interview, Defendant was taken to the Imperial County Jail and booked. The booking form prepared by Agent Bentancurd states in part: "TIME OF ARREST: 0728 HRS". (ECF No. 15-2 at 27). After booking the Defendant into the jail, Agent Bentancurd prepared a complaint in this case for review by the United States Attorney and presentment to the United States Magistrate Judge.

On October 25, 2012, Defendant appeared before the United States Magistrate Judge.

On January 3, 2013, Defendant was indicted for importing heroin and methamphetamine in violation of 21 U.S.C. §§ 952, and 960.

## CONTENTIONS OF PARTIES

Defendant contends that his statements made during the interrogation that occurred more than six hours after his arrest must be suppressed because the Government did not bring him before a Magistrate Judge within six hours and the delay was for the purpose of interrogating him. Defendant contends that the Government has not advanced any purpose or reason for conducting the interview beyond the six-hour safe harbor and that his statements cannot be admitted under 18 U.S.C. §3501(c). The Government asserts that the Defendant was arrested at 8:30 a.m. and the interview commenced at 1:27 p.m., less than five hours after his arrest and within the six hour "safe harbor." The Government contends that there was no unreasonable or unnecessary delay in presentment. The Government asserts that presentment the day after the arrest was reasonable in order for the agents to find the drugs hidden in the

1  vehicle, travel to the Andrade Port of Entry and take the Defendant into custody,
2  transport the Defendant to the Calexico Port of Entry for the interview, and prepare the
3  complaint.

## APPLICABLE LAW

Rule 5(a) of the Federal Rule of Criminal Procedure states that "[a] person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge." Fed. R. Crim. P. 5(a). *"McNabb v. United States*, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943) and *Mallory v. United States*, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957) generally render inadmissible confessions made during periods of detention that violate the prompt presentment requirement of Federal Rule of Criminal Procedure." *United States v. Liera*, 585 F.3d 1237, 1241 (9th Cir. 2009) (internal quotation omitted).

"In response to the rulings in *Mallory* and *McNabb*, Congress enacted 18 U.S.C. § 3501(c)." *Id.* at 1241-1242. Section 3501(c) provides in relevant part: "In any criminal prosecution by the United States..., a confession made ... by... a defendant ..., while ... under arrest ..., shall not be inadmissible solely because of delay in bringing such person before a magistrate judge ... if such confession is found by the trial judge to have been made voluntarily ... and if such confession was made or given by such person within six hours immediately following his arrest ...: Provided, that the time limitation contained in this subsection shall not apply in any case in which the delay in bringing such person before such magistrate judge ... beyond such six-hour period is found by the trial judge to be reasonable considering the means of transportation and the distance to be traveled to the nearest available ... magistrate judge." 18 U.S.C. §3501(c).

The "clear effect of [section 3501(c)] is to create a six hour 'safe harbor' during which a confession will not be excludable [solely because of delay]." *United States v. Van Poyck*, 77 F.3d 285, 288 (9th Cir. 1996) (citations omitted). Statements made outside the six-hour "safe harbor" may be excluded solely for delay, but a court is not

obligated to do so. *Id.* The safe harbor may be expanded beyond the six hours if the delay is reasonable and is due to the means of transportation and the distance to the nearest magistrate. *Id.*

"The purpose of the *McNabb-Mallory* Rule is not merely to avoid all the evil implications of secret interrogation of persons accused of crime. Rather, the *McNabb-Mallory* Rule was also designed to insure that a defendant is brought before a judicial officer as quickly as possible so that he may be advised of his rights and so that the issue of probable cause may be promptly determined. Under Federal Rule of Criminal Procedure 5(a), the government [is] required to present [the defendant] to a magistrate as quickly as possible so that [the Defendant] could be advised of his rights by a judicial officer." *Liera*, 585 F.3d at 1243 (quotations and citations omitted).

## RULING OF THE COURT

In this case, Defendant presented at the Port of Entry for entry into the United States at approximately 7:30 a.m. on October 24, 2012. Defendant's vehicle was referred for secondary inspection and Defendant was escorted to a security office. The search of the vehicle and the discovery of the drugs secreted inside the oil pan under the vehicle took approximately one hour. The methamphetamine and heroin were discovered in the vehicle one hour after the Defendant presented for admission. Defendant was arrested at approximately 8:30 a.m. after the discovery of the methamphetamine and heroin in the oil pan of his vehicle. The search was diligent and the amount of time Defendant was detained in the office during the search was reasonable.

The six hour time limitation under Section 3501(c) began to run at approximately 8:30 a.m. after the discovery of the methamphetamine and heroin secreted inside the oil pan and the Defendant was placed under arrest. The time stamp on the video, the ROI, and the testimony of Agent Bentancurd establish that the interview commenced at 1:27 p.m., five hours after the drugs were discovered in his vehicle and the Defendant was placed under arrest. There is no evidence of any delay by law enforcement in order to

obtain a confession. Defendant does not assert that his statement was not voluntary or that the *Miranda* waiver was not effective.

The Court concludes that there was no violation of the requirement of Rule 5(a) that the Defendant be promptly brought before a judicial officer after his arrest. The officers did not take any actions that were not necessary or reasonable under the circumstances prior to presentment to the Magistrate Judge. The interview of the Defendant was a reasonable step in the investigation and did not unnecessarily delay presentment to the United States Magistrate Judge which took place the day following his arrest.

IT IS HEREBY ORDERED that motion to suppress statements filed by the Defendant Andres Perez-Correa (ECF No. 15) is denied.

DATED: June 6, 2013

**WILLIAM Q. HAYES**
United States District Judge